On Rehearing
En Banc.
SAVOY, Judge.
We granted a rehearing in this case to reconsider the medical evidence.
The application by counsel for appellant points out that in our original opinion we say that Dr. Schneider “stated that the large amounts of opaque dye indicated a herniated disc as opposed to being extrava-sation.” Actually, Dr. Schneider said just the opposite. Dr. Schneider said “there is an extravasation of dye at the level of L-5, but it wouldn’t present a picture to me of a disc protrusion, of a disc herniation.”
Dr. Schneider further stated “It appears to me from the way this film looks that there has been extravasation of the dye along the level along the puncture of the needle rather than any pathological defect in the posterior longitudinal ligament which would permit it to escape.”
Dr. Schneider makes this perfectly clear when he said that both myelograms and dis-cographs must be interpreted on the basis of the clinical findings; and in this case, if the plaintiff had a disc protrusion as large as the dye shown on these X-rays, he would certainly be having a lot more nerve pressure, pain, etc.
A review of the other medical testimony in this case may be summed up as follows:
Dr. Shirley and Dr. Bearden, the original treating general practitioners, said the man had a lumbosacral sprain but not a disc and they treated him for about 2 weeks, during which time he continued to work as a watchman. Dr. Earl Rafes, a neurosurgeon, found no abnormality and said plaintiff could return to work. Dr. George P. Schneider, an orthopedist, said plaintiff did not have a disc, but that he had slight non-disabling residuals from a lumbosacral strain.
The only testimony which supports the plaintiff is that of Dr. Kirgis, a neurosurgeon in Oschner’s Clinic in New Orleans. He diagnoses a small to medium herniated disc on the basis of the discogram procedure. Both Drs. Schneider and Rafes testified this procedure was very controversial and many specialists refused to use it. Furthermore, they testified that the particular X-rays which were interpreted by Dr. Kirgis as showing a herniated disc, actually just showed dye which escaped' *425 from the hole made in the disc by the needle.
After reviewing the medical testimony, we are of the opinion that the preponderance of said evidence is in favor of defendant.
For the reasons assigned, our original decree is recalled, and the judgment of the district court is reversed and plaintiff’s suit is dismissed at his costs.
Reversed.
FRUGÉ, J., dissents for reasons assigned in original opinion.